**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**LETTER OPINION**

Lisa M. Fittipaldi, Esq.
DiFrancesco, Bateman, Coley, Yospin,
Kunzman, Davis & Lehrer, P.C.
15 Mountain Boulevard
Warren, NJ 07059-6327
*Attorneys for Plaintiff*

John A. Ridley, Esq.
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
*Attorneys for Defendant*

**Re:   Rodriguez v. Delta Air Lines, Inc.**
        **Docket No. 04-CV-750 (WJM)**

Dear Counsel:

This matter is before the Court on Defendant's request for review of Magistrate Judge Ronald J. Hedges's March 14, 2005 order prohibiting Defendant from redeposing Plaintiff. For the reasons set forth below, the order is **AFFIRMED**.

**A.    Statement of Facts and Procedural History**

On January 31, 2005, defense counsel deposed Plaintiff for approximately six hours, commencing at 10:30 a.m. and concluding at 5:40 p.m., with a one hour lunch break. (Def.'s Br. at 2.) The deposition transcript reflects that just before concluding, defense counsel stated:

> MR. RIDLEY:      It is now a quarter of 6:00. I'm going to reserve the
>                              right to continue the deposition, if necessary, of Ms.
>                              Rodriguez. That will depend, in part, on the
>                              testimony that is elicited in the depositions in
>                              Atlanta next week.

1

> I'll advise counsel then if there is a need to continue the deposition. What I would like to do, I'll keep the exhibits.
>
> (Whereupon, the deposition concludes at 5:40 p.m.)

(Dep. Tr. at 199-200.) At that time, Plaintiff's counsel neither agreed nor objected to the proposed continuation. (Dep. Tr. at 200.)

On February 10, 2005, Plaintiff notified Defendant of her intention to depose four Delta employees. Defendant replied that it controlled three of the four witnesses but would not produce them until Plaintiff agreed to being redeposed, to which Plaintiff refused. (Def.'s Br. at 3.) Plaintiff then requested an extension to the February 25, 2005 discovery deadline and a prohibition of the redeposition of Plaintiff. (Pl.'s Br. at 4.) Defendant objected to both requests (Def.'s Br. at 3); however, Judge Hedges granted the requests by order dated March 14, 2005. Defendant filed a motion for reconsideration on April 1, 2005, which was denied by Judge Hedges on April 18, 2005. (Def.'s Br. at 5.)

Defendant objects to Judge Hedges's order on four grounds: (1) Defendant is entitled to continue its deposition of Plaintiff; (2) Defendant is entitled to depose Plaintiff for a minimum of seven hours under Rule 30 of the Federal Rules of Civil Procedure; (3) equity favors permitting Defendant to redepose Plaintiff; and (4) Judge Hedges erred by entering the order without holding oral arguments, writing an opinion justifying the order, or offering his rationale therefor. For the reasons described herein, the magistrate appeal is **DENIED** and Judge Hedges's order is **AFFIRMED**.

### B.   Standard of Review

A district court may reverse a magistrate judge's order if it finds the ruling clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). According to the Supreme Court, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

When an appellant challenges a magistrate judge's interpretation of specified statutory language, the court's standard of review is plenary. *United States v. Hayden*, 64 F.3d 126, 129 (3d Cir. 1995); *United States v. Accetturo*, 623 F. Supp. 746, 753 (D.N.J. 1985).

### C.   Whether Defendant Is Entitled to Continue Its Deposition of Plaintiff

Defendant argues that Plaintiff must seek a protective order from Judge Hedges and show good cause as to why she should not be further deposed. (Def.'s Br. at 6.) In fact, Judge

Hedges issued this order pursuant to his independent authority set forth in Fed. R. Civ. P. 26. Rule 26 provides judges with broad discretion to tailor discovery by extending or limiting its scope and duration. *See Crawford-El v. Britton*, 523 U.S. 574, 598-599 (1998).

The transcript excerpts presented to this Court indicate that Defendant had exhausted its questions at the time it ended its deposition and only wished to reserve a unilateral right to redepose Plaintiff depending on testimony elicited from future depositions. (Def.'s Br. Ex. A.) From this, the Court concludes that Defendant terminated its deposition, rather than temporarily recessing it for a permissible purpose. *See* Fed. R. Civ. P. 30, Advisory Committee's Note 1993 Amendments Subdivision (a). Because Defendant terminated its deposition, its only alternatives were to request an extension or a redeposition. Fed. R. Civ. P. 30(a)(2)(B) and 30(d)(2). *See also In re Ford Motor Co. Crown Victoria Police Interceptor Products Liability Litigation*, 2003 WL 22331285, *1 (N.D. Ohio May 2, 2003).

A party may be entitled to extend the duration of a deposition in accordance with Fed. R. Civ. P. 26(b)(2) for fair examination of the deponent or where the opponent has impeded or delayed the deposition. Fed. R. Civ. P. 30(d)(2). In the absence of an agreement, such an extension must be obtained by court order on a showing of good cause. Fed. R. Civ. P. 30, Advisory Committee's Note 2000 Amendments Subdivision (d) (hereinafter "2000 Note"). Defendant does not argue, and the record does not reflect, that any such agreement was made prior to or coinciding with the Defendant's discontinuation of the deposition. Furthermore, the transcript excerpts presented to this Court do not reflect an unfair examination or unnecessary interruptions by Plaintiff. (Pl.'s Br. Ex. 2.) Defendant has not shown an inability to complete its inquiry at the first deposition, which Defendant itself terminated. Thus, Defendant is not entitled to extend its prior deposition of Plaintiff.

Similarly, redepositions may be obtained in the same manner extensions are granted. *See* Fed. R. Civ. P. 30(a)(2)(B). Redepositions have been permitted where intervening circumstances subsequent to the first deposition have rendered that single deposition insufficient or where a new subject matter has recently come to light. *See Hurley v. JARC Builders, Inc.*, 164 F.R.D. 39, 40 (E.D. Pa. 1995); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51, 52 (E.D. Pa. 1995). Defendant can point to no changes in circumstances subsequent to Plaintiff's deposition that would justify compelling a second deposition. Defendant had ample opportunity to obtain the information sought at its first deposition. *See* Fed. R. Civ. P. 26(b)(2)(ii). Therefore, Defendant is not entitled to redepose Plaintiff pursuant to Rule 30(a)(2)(B).

**D.     Seven Hour Durational Limitation**

Defendant maintains that Rule 30(d)(2) entitles it to depose Plaintiff for a minimum of seven hours; thus, it should be permitted to continue its deposition since it only deposed Plaintiff for approximately six hours. Rule 30(d)(2) provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Defendant proposes that the plain text of Rule 30 be read as providing a "bare minimum" amount of time

for which Defendant is entitled to depose Plaintiff. The notes to Rule 30 describe the timing for depositions as a "presumptive durational *limitation*." *See* 2000 Note (emphasis added). This limit is intended to alleviate "undue costs and delays" engendered by "overlong depositions." *Id.* Litigants are cautioned that "[p]reoccupation with timing is to be avoided." *Id.* Thus, the thrust of Rule 30 undermines Defendant's insistence upon a *minimum* of seven hours.

E.   **Whether Equity Favors Permitting Defendant to Redepose Plaintiff**

Defendant also claims that equity favors permitting it to continue its deposition (Def.'s Br. at 8), and that its inability to further depose Plaintiff will result in great prejudice as a result of being prevented from examining Plaintiff on topics it did not have an opportunity to fully investigate during the first deposition. (Def.'s Br. at 9.) Because Defendant received a full opportunity to depose Plaintiff for one day of seven hours and voluntarily chose not to avail itself fully of this opportunity, and has not apprised this Court of subject matter that arose after the first deposition took place, this Court cannot conclude Defendant will be prejudiced. Furthermore, the public policy that underlies the imposition of durational limits on depositions under Rule 30, including avoiding undue costs and delays, weigh against granting Defendant another opportunity to depose Plaintiff. *See* 2000 Note.

F.   **Whether Judge Hedges Erred by Not Holding Oral Arguments or Issuing a Written Opinion**

Finally, Defendant argues that Judge Hedges's order should not be affirmed on appeal because it was issued without holding arguments and without an accompanying written opinion. Fed. R. Civ. P. 72(a) governing the role of magistrate judges in adjudicating nondispositive matters does not require magistrate judges to issue written opinions or hear oral arguments. In fact, this rule requires a written order to be entered into the record only when appropriate. Thus, Judge Hedges did not err in failing to hold oral argument or write an opinion.

G.   **Conclusion**

For the foregoing reasons, this Court **DENIES** the magistrate appeal and **AFFIRMS** Judge Hedges's order.

A separate order will be entered consistent with this letter opinion.

                                                                s/William J. Martini
**Dated: 7/22/05**                                             _____
                                                                **WILLIAM J. MARTINI, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.

4